UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ESSEX HAYWARD, et al.,** | ) | Case No. 1:12 CV 2 |
| | ) | |
| **Plaintiffs,** | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | <u>**ORDER**</u> |
| | ) | |
| **CLEVELAND CLINIC FOUNDATION,** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

Two motions for judgment on the pleadings are pending before the Court. (Docs. # 13, 14). In these motions, Defendants argue that the Supreme Court case of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), bars Plaintiffs' 42 U.S.C. § 1983 claim. The § 1983 claim is based on allegations of excessive force and unlawful entry into Plaintiffs' home in the early morning hours of January 23, 2011.

<u>Heck</u> stands for the proposition that an action under § 1983 will be unavailable if the action would necessarily imply the invalidity of a prior state-court conviction. <u>Id.</u> at 487. The Sixth Circuit has held that an individual who is convicted of resisting arrest under Ohio law, O.R.C. § 2921.33, cannot assert a § 1983 claim based on the conduct of the police *prior* to the point in time when the defendant had been arrested and subdued (*i.e.*, ceased resisting). <u>Swiecicki v. Delgado</u>, 463 F.3d 489 (6th Cir. 2006); <u>Michaels v. City of Vermillion</u>, 539 F. Supp. 2d 975, 991–92 (N.D. Ohio 2008). When the alleged force occurs *after* the individual's

arrest and resistance, however, the Heck rule does not apply because nothing in that determination invalidates the underlying criminal conviction for resisting arrest. Swiecicki, 463 F.3d at 493–95; City of Vermillion, 539 F. Supp. 2d at 992.

Here, Plaintiff Aaron Hayward pled guilty in state court to resisting arrest in violation of O.R.C. § 2921.33. Under Heck, Plaintiffs' claims of excessive force and unlawful entry to effectuate Aaron's arrest—including the claims of both Aaron and his parents, Essex and Annie Hayward[1]—are barred to the extent that they relate to any use of force by the police officers *before* Aaron was arrested and stopped resisting arrest. To avoid application of Heck to their § 1983 claim, Plaintiffs must allege and prove that the Cleveland Clinic police officers used force against Aaron after the arrest had already been effectuated, *i.e.* after Aaron had been arrested and subdued. See City of Vermillion, 539 F. Supp. 2d at 993–94.

The First Amended Complaint is deficient in this respect because it does not specifically allege such conduct. Accordingly, the Court will grant Plaintiffs leave to file a second amended complaint no later than 4 p.m. on Friday, April 13. The amended complaint must specifically allege the application of force *after* Aaron was arrested and subdued, provided, of course, that Plaintiffs' lawyers can do so consistent with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

The Court will retain jurisdiction over Plaintiffs' supplemental state-law claims in the event Plaintiffs file a second amended complaint that makes out a § 1983 violation. In the event Plaintiffs do not file a second amended complaint, Defendants' motions for judgment on the

---

[1] Aaron Hawyard's conviction on the charge of resisting arrest by necessity includes an admission that the arrest itself was lawful.

pleadings on the federal claims will be granted, and the Court will dismiss the state claims so that they may be re-filed in state court. Otherwise, Defendants' motions for judgment on the pleadings will be denied as moot.

**IT IS SO ORDERED.**

                                           **/s/ Dan A. Polster    April 3, 2012**
                                           **Dan Aaron Polster**
                                           **United States District Judge**